## BECK v. PASADENA LAKE VINEYARD LAND AND WATER COMPANY et al.*

### L. A. No. 596; December 9, 1899.

#### 59 Pac. 387.

Irrigation—Water Rights of Individual—Deprivation by Corporation.—Where a land owner is entitled to an undisputed right and easement in and to a certain proportion of water, which an association was entitled to take from a stream to supply its irrigating plant connected with his land, on payment of his proportionate share of the expenses of maintaining the plant, a corporation succeeding to the rights of the association and the rights of other individual owners takes its property subject to his easement, and cannot deprive him thereof, though it improves and extends the system, and changes open ditches to pipe-lines.[1]

APPEAL from Superior Court, Los Angeles County.

Action by George W. Beck against the Pasadena Lake Vineyard Land and Water Company and another. From a judgment for defendants, and orders denying a new trial and refusing to strike out the cost bill, plaintiff appeals. Reversed.

William H. Fuller for appellant; A. R. Metcalf and Anderson & Anderson for respondents.

*For subsequent opinion in bank, see 130 Cal. 50, 62 Pac. 219.

[1] Cited and approved in Knowles v. New Sweden Irr. Dist., 16 Idaho, 226, 101 Pac. 84, where it is held that an irrigation district cannot levy assessments against lands for which the owners already possess water rights, etc., unless the district first purchases or condemns these rights.

PER CURIAM.—This action was brought to establish by a decree of court that the above-named plaintiff was the owner of a one twelve hundred and fiftieth part of all the right, title and interest of the Lake Vineyard Land and Water Association, as the same was originally conveyed to and owned by said association, in and to all the waters of a certain stream in Los Angeles county, known as the "Arroyo Seco," and that plaintiff was entitled to have his said water flow through the pipes of defendants into his own pipes, connected therewith, upon the payment by him of one twelve hundred and fiftieth of the costs and expenses incurred in tending and keeping in repair the pipes, reservoirs and water plant of defendants. The plaintiff also asked for a perpetual injunction against defendants to prevent them carrying out their threat to shut the water out of his pipes, and discontinue supplying him with water. The evidence shows without conflict that the Lake Vineyard Land and Water Association was the owner of seven-tenths of all the waters of the Arroyo Seco, and that by mesne conveyances the plaintiff herein succeeded to one twelve hundred and fiftieth of said seven-tenths of said water as appurtenant to a certain two and one-twentieth acres of land, and the right to take and use the same from the pipes and reservoirs of said association. It also appears that the said association, prior to 1887, had conveyed to various individuals all its interest in the waters of the said Arroyo Seco, together with a right and easement in and to its system of ditches, reservoirs and water plant generally, to be used for the purpose of conducting and distributing said water by each of said transferees on the payment by him of his proportion of the expense of maintaining said system; the said association retaining the title, however, in and to the ditches, flumes, reservoirs and pipes by means of which said waters were put to beneficial use by the grantees of said association and their successors in interest. The corporation defendant known as the Pasadena· Lake Vineyard Land and Water Company was formed for the purpose of acquiring and controlling both the water that had originally belonged to the association and the system of ditches, reservoirs, flumes and pipes above mentioned. The two corporations defendant seem to have been under the same management for a time, and a conveyance was obtained from the association to the new corporation, on the fifteenth day of February, 1888, of everything that the

association had to convey. Nearly four-fifths of the water rights, originally in the association, were also conveyed to the new corporation, in exchange for stock therein, by the individuals owning such water rights. Upward of one-fifth of the waters conveyed away by the association still remain vested in the individuals to whom they were conveyed. It seems that the plaintiff, among others, has refused to convey his interest in the water, or his rights in the plant or system of ditches, pipes and reservoirs, to the corporation. The corporation has, however, fixed a uniform rate, which it charges its stockholders as well as those who refused to exchange their rights for stock in the corporation, and by this means the plaintiff finds himself in a worse position than he would be in if he had conveyed all his rights and interests to the corporation, for the stockholders are receiving, in addition to their proportion of the water, dividends, in which he is not allowed to share. The corporation refuses to furnish plaintiff with any statement of his proportion of expenses to be paid under the terms of the deed from the association to plaintiff's predecessor in interest, and threatens to deprive plaintiff of water altogether unless he pays the rates fixed by it as aforesaid. Since the conveyance to it from the association, the new corporation has changed its means of diversion from the open ditch, by which the water was formerly diverted from the arroyo, to a steel pipe, has cemented and lined the reservoirs, and has extended the system of pipes, and otherwise added to, repaired and improved its water plant generally. The case was tried before the court without a jury. There is no finding as to whether the plaintiff is the owner of the water which he alleges ownership in in his complaint or not. This was a material issue, and plaintiff was entitled to a finding addressed directly to the ownership of the water that he claimed to own; and on the undisputed evidence, briefly stated herein, that finding should have been in plaintiff's favor. Plaintiff was also entitled to a decree that he was the owner of one twelve hundred and fiftieth of seven-tenths of the waters of the said arroyo. There was no conflict in the evidence on this question. The court found that plaintiff was not "entitled to the use and flow of said waters so purchased as aforesaid upon paying to the Pasadena Lake Vineyard Land and Water Company his pro rata share or proportion of the costs and expenses in tending and keeping in repair

said pipes, flumes and reservoirs in which said water is stored and conducted to the lands and supplied to plaintiff,'' and dissolved the temporary injunction theretofore granted, and dismissed the action. We think this action of the court erroneous. The evidence of plaintiff's rights in the water and in the water system was to be found in the deed from the association to the Wilsons. Plaintiff had regularly succeeded to the rights, privileges and easements granted by that deed, so far as they appertained to the two and one-tenth acres of land claimed by him, and which were included in said deed. We think it beyond any question, and it seems to be admitted in the argument, that the deed to the Wilsons conveyed, not only the water claimed here by plaintiff, but the right and easement in the plant of the association to run the water through it, and have it delivered to them on the land, a part of which now belongs to plaintiff. The easement in these ditches, reservoirs and pipes was a property right, and the plaintiff succeeded to it by the same instruments through which he deraigns title to his land, and his title in such easements is just as effectual as his title to the land; and when the new corporation received its deed from the association it took the property therein described charged and encumbered with the easement to which it was subjected by the previous deed to the Wilsons. The new corporation could not, by improving or extending its system, or changing the open ditches to pipe-lines, acquire title to the water which belonged to others, nor could it thereby deprive others of any beneficial interest or right which they had in the system. We think that on the undisputed facts in the case the plaintiff and appellant was entitled to the perpetual injunction which he sought.. On this view of the case it follows that the defendants were not entitled to judgment for costs, and therefore let the costs of the former trial abide the result of a new trial. The judgment and orders denying a new trial and refusing to strike out the cost bill are reversed.